UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 0:13-cv-162-HRW

JESSE R. TERRY,                                                                                           PLAINTIFF,

V.        **MAGISTRATE JUDGE'S REPORT
           AND RECOMMENDATION**

CORRECTCARE INTEGRATED
HEALTH INC.,                                                                                             DEFENDANT.

I. INTRODUCTION

Jesse R. Terry ("Terry"), a prisoner housed at Luther Luckett Correctional Complex, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against CorrectCare Integrated Health, Inc. ("CorrectCare") following an injury to his left eye and the lack of medical treatment he has received for that injury. [R. 1]. Specifically, Terry alleges that, while working for the Kentucky Department of Corrections as a maintenance laborer, an object flew into his left eye causing severe damage and that he was not provided with the proper medical care for the injury, ultimately resulting in the removal of his left eye. Id. Terry claims that CorrectCare "failed to provide [him] with proper and adequate medical care and [that] treatment would have prevented the total loss and useage [sic] of his left eye." Id. Terry also claims that CorrectCare's failure to provide him with proper medical care was a violation of his Eighth and Fourteenth Amendment rights. Id. at 2. In his complaint, Terry seeks compensatory and punitive damages of one million dollars for his pain and suffering.

This matter has been referred to the undersigned for screening pursuant to 28 U.S.C. 1915A and a scheduling order. [R. 23]. The Court must conduct a preliminary review of Terry's complaint because he asserts claims against a government agency. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Terry's complaint under a more lenient standard because he is not represented by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Burton v. Jones, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Terry's factual allegations as true and liberally construes his legal claims in his favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Upon review, the undersign recommends that the Plaintiff's Complaint be dismissed.

## II. FACTUAL & PROCEDURAL BACKGROUND

Terry's complaint stems from an alleged accident while working at the Luther Luckett Correctional Complex. It is important to note that the Complaint does not mention any party involved, does not state the time, date, or location of the alleged incident, and does not state how his rights were violated. More particularly, Terry does state, in relevant part:

> The plaintiff of this action was injured while working for the Kentucky Department of Corrections as a maintenance laboror [sic]. An object flew into his eye which caused severe damage to his left eye. Which now due to a lack of proper medical care and treatment has left him without his left eye having had to be removed, permanently leaving him blind on the left side and disfured [sic] for the rest of his natural life. The plaintiff having been subjected to an enormous amount of Emotional Distress through the loss of his left eye and subjected to an actual loss and bodily harm due to the actions of the defendants is seeking compensatory and punitive damages of an amount of one million dollars or of an amount to be awarded by the jury. The defendants failed to provide the plaintiff with proper and adequate medical care and treatment which could have prevented the total loss and useage [sic] of his left eye. Those acts of deliberate indifference as cruel and unusual

>punishment were done so with total knowledge and a culpable state of mind as to the risks involved if proper care and treatment was not given in the effort to save his left eye, done so in an attempt to save money by withholding needed care and treatment and medications.

[R. 1 at 1-2].

## III. ANALYSIS

A.     <u>Exhaustion of Administrative Remedies</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute now reads as follows:

>No action shall be brought with respect to prison conditions under 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Therefore, a prisoner must first exhaust the available administrative remedies prior to bringing a prison conditions action in a district court. 42 U.S.C. § 1997e(a). Shortly after the effective date of the statute, April 26, 1996, the Sixth Circuit Court of Appeals held that the language of Section 1997e expressly requires the exhaustion of administrative remedies before bringing a civil action or appeal. <u>Wright v. Morris</u>, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 552 U.S. 906 (1997). Subsequently, the United States Supreme Court has also confirmed this meaning of the statute. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). In <u>Porter v. Nussle</u>, 534 U.S. 516, 525 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. Furthermore, the Supreme Court held in <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006), that the PLRA requires not only exhaustion of the available administrative remedy process, but *proper* exhaustion of that administrative remedy process, which includes meeting deadlines and other critical procedures. <u>Id.</u> at 93. Also, in <u>Woodford v. Ngo</u>, the Supreme Court discussed the purposes of

3

exhaustion as stated in its earlier opinions and stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have an opportunity unless the grievant complies with the system's critical procedural rules." Id. at 95.

Terry has provided the court with the grievance form he submitted to the Luther Luckett Correctional Complex along with the medical response denying his claim. [R. 18-1 at 1-3]. The Court will assume at this juncture that Terry has exhausted his administrative remedies prior to filing this action. To the extent that exhaustion of administrative remedies may be an issue, that determination must be made on a more fully developed record. At this point, Terry's complaint will not be dismissed for failure to exhaust administrative remedies.

### 1. CorrectCare is not subject to suit under § 1983.

Terry's claim against CorrectCare is incognizable. In this case, Terry attempts to bring suit against CorrectCare, a state actor based upon alleged unconstitutional acts of its unnamed employees, to recover monetary damages under § 1983. First, it is well settled that respondeat superior cannot form the basis of liability in a § 1983 action. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Okoro v. Scibana, 63 F. App'x. 182, 184 (6th Cir. 2003). "A defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis." Street, 102 F.3d at 818 (quoting Harvey v. Harvey, 942 F.2d 1127, 1129-30 (11th Cir. 1992)). Here, Plaintiff has not individually named any medical care providers employed by CorrectCare, and the law does not provide Terry a cause of action based upon an alleged constitutional violation under a respondeat superior theory. Second, Terry cannot maintain an action directly against CorrectCare for an

alleged violation of his constitutional rights. CorrectCare has a contract with the state to perform medical services at prison facilities, which qualifies it as a state actor under 28 U.S.C. § 1983. Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996)(citing Hicks v. Frey, 992 F.2d 1450, 1458 (6th Cir. 1993). A state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under 28 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1984). Because CorrectCare is not a "person" under the Act, it is not a proper defendant for monetary relief in this action.

For all of the above reasons, the undersigned therefore recommends that the federal claims against CorrectCare be dismissed for failure to state a claim upon which relief may be granted.

**2. State law claims.**

To the extent the Plaintiff may be raising state-law claims of negligence, and having recommended that the Court dismiss the federal claims for which the Court has original jurisdiction, the undersigned also recommends that the Court decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

IV. CONCLUSION

For the reasons stated above, it is recommended that the Plaintiff's Complaint [R. 1] be DISMISSED. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp.

5

2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 11, 2015.



Signed By:
*Edward B. Atkins* ℰᗷᴀ
United States Magistrate Judge